IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN SANTOS-WALTERS,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. LINDA DIAZ, et al.,<br><br>    Defendants. | No. C 07-04090 SBA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff Michael John Santos-Walters filed this pro se civil rights action under 42 U.S.C. § 1983 against prison officials at Salinas Valley State Prison (SVSP). Plaintiff has been granted leave to proceed in forma pauperis.

Venue is proper in this district because SVSP is in Monterey County, which is located in this district. See 28 U.S.C. § 1391(b).

**BACKGROUND**

In his complaint, Plaintiff claims the following: (1) Defendant SVSP Physician Linda Diaz sexually harassed him and deprived him of medicine; (2) Defendant SVSP Physician Coordinator Manager Nguyen denied him proper medication; (3) Defendant SVSP Healthcare Manager Dudley Lee lied to Plaintiff's mother about his medical care; (4) Defendant SVSP Medical Technical Assistant Gee failed to provide him with the correct dosage of medication; (5) Defendant SVSP Nurse Practitioner Lovesia Bey failed to provide him with proper medication; and (6) Defendant SVSP Registered Nurse D. Jeans lied about his medical treatment.

Plaintiff seeks injunction relief and monetary damages.

**DISCUSSION**

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that

are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. West v. Atkins, 487 U.S. 42, 48 (1988). Allegations of mere threats do not give rise to cognizable claims under § 1983. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

## II. Exhaustion

For each constitutional violation claimed, Plaintiff must allege that he exhausted his administrative remedies by protesting the conduct in a prison grievance and by pursuing the grievance to the highest level of review available to him.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion

is a prerequisite to suit. Id. at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. See Porter, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert. denied, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. Id.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). See id. at 1237-38.

Here, the record is unclear whether Plaintiff exhausted his claims against each Defendant to the Director's level before filing his federal complaint. Plaintiff contends that he filed administrative appeals (602 inmate appeals) relating to his claims, but they were returned to him. Attached to Plaintiff's complaint are several 602 appeals which were returned as duplicative or untimely filed. Therefore, none of his claims appear to be exhausted. For example, Plaintiff filed inmate appeal log number 07-0913 in which he complained about medical treatment he received from Defendants Bey, Diaz, and "other medical staff."[1] In that appeal, Plaintiff requested medication prescribed to him by his surgeon. Appeal log number 07-0913 was denied at the first level; however, Plaintiff did not pursue that appeal to the Director's level.

---

[1] The Court notes that the additional 602 inmate appeals that were attached to Plaintiff's complaint do not have appeal log numbers.

Accordingly, it appears from the face of Plaintiff's complaint that his administrative remedies were not exhausted as required by 42 U.S.C. § 1997e(a). Therefore, Plaintiff's complaint is DISMISSED with leave to amend his complaint to prove that he exhausted all of his claims against each Defendant. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below. Furthermore, in his amended complaint, Plaintiff must also link each Defendant to his claims by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Conclusory allegations of wrongdoing will not do. Id. If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice for failure to exhaust available administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's complaint is DISMISSED with leave to amend. Within thirty days of the date of this Order, Plaintiff may file an amended complaint. He should submit the complaint on the attached blank civil rights complaint form, clearly label the complaint an "Amended Complaint," and write in the case number for this action on the form. If Plaintiff fails to file an amended complaint within the thirty-day period, this action will be dismissed without prejudice for failure to exhaust available administrative remedies.

2.  The Clerk of the Court shall send Plaintiff a blank § 1983 civil rights complaint form.

IT IS SO ORDERED.

DATED: 10/21/08

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Santos-Walters4090.DWL4A.frm

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOHN SANTOS-WALTERS,

     Plaintiff,

  v.

DR. DIAZ et al,

     Defendant.
_____/

Case Number: CV07-04090 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael John Santos-Walters K20095
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: October 22, 2008

           Richard W. Wieking, Clerk
           By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Santos-Walters4090.DWI5A.frm